# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 11-85004-BEM |
| | * | |
| REGINA FAYE MURRAY, | * | |
| | * | CHAPTER 13 |
| | * | |
| | * | |
| | * | |
| DEBTOR. | * | |

## MOTION TO APPROVE LOAN MODIFICATION

COMES NOW the Debtor in the above-styled Chapter 13 case, and through counsel, files this "Motion to Approve Loan Modification" by showing to this Honorable Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1334, 151 and 157.

2.

This Court is the proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(D).

4.

The Debtor filed the petition for relief in the above-styled Chapter 13 case on December 5, 2011. The Chapter 13 Plan was confirmed on March 3, 2012.

5.

In the Chapter 13 schedules, the Debtor lists an interest in real property located at 2229 Bigwood Trail, Atlanta, GA 30349.

6.

Under the current loan, the principal amount owed is $96,618.41. The current interest rate is 5.875% fixed.

tp

7.

The Debtor and mortgage lender, GMAC Mortgage, have reached an agreement to modify the loan. The principal amount owed under the new loan will be $94,973.99. The interest rate is reduced to 3.75%. The monthly payment amount will be approximately $565.66. The term of the new loan will be for 360 months.

8.

The Debtor believes that the loan modification is in the best interest of the estate and creditors and that such a modification will assist in the effectuation of the Debtor's financial reorganization.

WHEREFORE, Debtor prays:

(a) that this Motion be filed, read and considered;

(b) that this Motion be granted; and,

(c) that this Honorable Court grant such other and further relief as it deems just and proper.

Respectfully submitted,
Clark & Washington, LLC

/s/_____
**Thomas J. Reichard**
GA Bar No. 150822
Attorney for the Debtor

Clark & Washington, LLC
3300 Northeast Expressway
Building 3
Atlanta, GA 30341
(404)522-2222
(770) 220-0685 - Fax

*tp*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 11-85004-BEM |
| | * | |
| REGINA FAYE MURRAY, | * | |
| | * | CHAPTER 13 |
| | * | |
| | * | |
| | * | |
| DEBTOR. | * | |

## NOTICE OF HEARING ON MOTION TO APPROVE LOAN MODIFICATION

**PLEASE TAKE NOTICE** that the Debtor in the above-referenced matter filed a **"Motion"** seeking to modify mortgage loan.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the matter in Court Room 1402 (14th Floor) of the US Courthouse, 75 Spring Street, SW, Atlanta, GA 30303, at 11:00 AM, on March 12, 2013.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Room 1340, 75 Spring Street, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

                                      Respectfully submitted,
                                      Clark & Washington, LLC

                                      /s/_____

| | |
|---|---|
| Clark & Washington, LLC | **Thomas J. Reichard** |
| 3300 Northeast Expressway | GA Bar No. 150822 |
| Building 3 | Attorney for the Debtor |
| Atlanta, GA 30341 | |
| (404)522-2222 | |
| (770) 220-0685 - Fax | |

tp

## CERTIFICATE OF SERVICE

I certify that I served the Debtor with a true and correct copy of the within and foregoing "Motion to Approve Loan Modification" and "Notice of Hearing on Motion to Approve Loan Modification" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed as follows:

Regina Faye Murray
2229 Bigwood Trail
Atlanta, GA 30349

I further certify that, by agreement of the parties, Mary Ida Townson, Standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

And, in the same manner, I served the parties listed on the attached matrix with the "Notice of Hearing on Motion to Approve Loan Modification" at the addresses indicated therein.

Dated: 2/11/13

/s/
Thomas J. Reichard
Attorney for the Debtor
GA Bar No. 150822

Clark & Washington, LLC
3300 Northeast Expressway
Building 3
Atlanta, GA 30341
(404)522-2222
(770) 220-0685 - Fax

tp

PRA Receivables Management, LLC
PO Box 12907
Norfolk, VA 23541

Recovery Management Systems Corporation
GE Capital Retail Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120,RameshSingh
Miami, FL 33131-1605

Brandsmart/GE Capital
P.O. Box 960051
Orlando, FL 32896

Capital One, N.A.
PO Box 12907
Norfolk VA 23541

Eagle's Landing Family Practice
62 Kelly Road
McDonough, GA 30252

First Choice Credit Union
75 Piedmont Ave NE
Atlanta GA 30303

GE Capital Retail Bank
c/o Recovery Management Systems Corp
25 SE 2nd Ave Suite 1120
Miami, FL 33131-1605

GMAC
P.O. Box 901009
Fort Worth, TX 76101-2009

GMAC Mortgage, LLC
Attn: BK Department
1100 Virginia Drive
Fort Washington, PA 19034

Goodyear
P.O. Box 183015
Columbus, OH 43218

Grady Memorial Hospital Corporation
c/o Firstsource Financial Solutions
P.O. Box 025437
Miami, FL 33102

HSBC Bank Nevada, N.A.
by PRA Receivables Management, LLC
PO Box 12907
Norfolk VA 23541

JC Penney
P.O. Box 960090
Orlando, FL 32896-0090

Lanebryant
P.O. Box 659728
San Antonio, TX 78265

Lowe's
P.O. Box 530914
Atlanta, GA 30353

National Capital Management, LLC
agent for GE Capital Retail Bank
8245 Tournament Drive
Suite 230
Memphis, TN 38125

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk VA 23541

Quantum3 Group LLC as agent for
World Financial Network National Bank
PO Box 788
Kirkland, WA 98083-0788

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Sears/HSBC Card Services
P.O. Box 5222
Carol Stream, IL 60197

Thornwood Park Owners Assoc
c/o Heritage Property Mgmt
500 Sugar Mill Rd
Suite 200B
Atlanta, GA 30350

tp

1/28/2013

**GMAC** Mortgage

REGINA MURRAY
2229 BIGWOOD TRAIL
ATLANTA GA 30349

RE: Account Number
Property Address 2229 BIGWOOD TRAIL
ATLANTA GA 30349

Dear REGINA MURRAY

Congratulations you have successfully completed the FHA Home Affordable Modification Program trial period.

Enclosed you will find a Subordinate Mortgage a Subordinate Note and a Loan Modification Agreement to execute. Once these documents have been properly executed and returned to us your loan modification will be completed.

**The Loan Modification Agreement and the Subordinate Mortgage documents must be signed in the presence of a notary and <u>two witnesses</u> for each signature is required on the Subordinate Mortgage document. Please return all documents to our office by 2/7/2013.**

The Subordinate Mortgage and Subordinate Note are in the amount of $3,324.93. This amount represents:

| | |
|---|---|
| The 10/1/2012 through 1/1/2013 mortgage payments in the amount of | $2,919.00 |
| Foreclosure fees and costs in the amount of | $988.00 |
| Principal balance reduction, if applicable, in the amount of | $0.00 |

We are requesting an advance from FHA for this amount which will be applied to your account to bring the loan current and/or reduce the principal balance if there was a principal balance reduction. Repayment of the Subordinate Mortgage will not be required until the first mortgage is satisfied or paid in full. FHA will assume the responsibility for servicing this Note.

The Loan Modification Agreement is modifying the terms of the loan. The interest rate is 3.750%, the new unpaid principal balance is $94,973.99, the term is 360 months and the maturity date is 1/1/2043.

**The first modified payment begins 2/1/2013. All payments that are due must also be included when you return the signed/executed document to us in order for the process to be completed.**

| | |
|---|---|
| Principal and Interest | $439.84 |
| Escrow | $125.82 |
| Total | $565.66 |

The enclosed documents must be signed (in black ink) in the presence of a Notary and if application other witnesses. We have marked the documents to indicate specifically where they must be signed. All of the documents must be executed and the signatures must match the name exactly as printed.

The loan modification will not be completed until we receive the properly executed documents. We will continue to enforce our lien until the modification is complete. If the conditions outlined above are not satisfied the modification will be withdrawn.

1/28/2013
Account Number:
Page Two

All outstanding late charges will be waived when the loan modification is completed.

For loans with mortgage insurance, the mortgage insurance premium may be subject to change as a result of this modification. Any change would be proportionate to the modified loan amount, including any deferred balance, and will be reflected in your next escrow analysis.

We are required to report factual information to the credit reporting agencies. Upon completion of the modification, when we next report your loan to the credit agencies, we will report your loan as modified under a federal government plan. If you fail to successfully complete the modification and your loan is not permanently modified, accurate reporting will continue including any adverse reporting.

If you have any questions or need to discuss these requirements please contact your Relationship Manager, RYAN WOIWOD at 1-877-928-4622 extension 2368836 between the hours of 8:00 a.m. and 9:00 p.m. Monday through Friday central standard time. If your agent is not available one of their team members will assist you.

RYAN WOIWOD
Loan Servicing

Enclosures

**Notice Regarding Bankruptcy:** We understand that you have filed for bankruptcy and that your bankruptcy case is currently active. This notice is being provided to you in accordance with the authority and permission of the United States Bankruptcy Court.

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name: Equifax Information Services LLC,
Address: P.O. Box 740241, Atlanta, GA 30374-0241
[Toll-free] Telephone number: 800-685-1111    www.equifax.com

*If you have any questions regarding this notice, you should contact:*

Creditor's name: GMAC Mortgage, LLC
Creditor's address: 3451 Hammond Ave, Waterloo, IA 50702
Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

Investor Loan #

**After Recording Return To:**
GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702
Custodian ID: RA1

This document was prepared by GMAC Mortgage, LLC

_____[Space Above This Line For Recording Data]_____

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"): REGINA MURRAY
Lender\Servicer or Agent for Lender\Servicer: GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 5/30/2008
Loan Number:
Property Address [and Legal Description if recordation is necessary] ("Property"): 2229 BIGWOOD TRAIL   ATLANTA GA 30349

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book  and/or Page number  of the real property records of FULTON County, GA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 2229 BIGWOOD TRAIL  ATLANTA GA 30349, which real property is more particularly described as follows.  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

### (Legal Description – Attached as Exhibit if Recording Agreement)

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

---

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we) and vice versa where appropriate.

1. **My Representations.** I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. I live in the Property as my principal residence, and the Property has not been condemned;
    C. There has been no change in the ownership of the Property since I signed the Loan Documents;
    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);
    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,
    F. If Lender requires me to obtain credit counseling in connection with the Program, I will so; and;
    G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.
    H. If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. TIME IS OF THE ESSENCE under this Agreement;
    B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and
    C. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 2/1/2013 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 2/1/2013.

    A. The new Maturity Date will be: 1/1/2043.

    B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be $94,973.99 (the "New Principal Balance").

    C. Interest at the rate of 3.750% will begin to accrue on the New Principal Balance as of 1/1/2013 and the first new monthly payment on the New Principal Balance will be due on 2/1/2013. My payment schedule for the modified Loan is as follows:

2/4/2013 1:55:28 PM   PAGE   7/017   Fax Server

SOMO   Doc Type:LMOD
Identifier:0602098447

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 3.750% | 1/1/2013 | $439.84 | $125.82, adjusts periodically | $565.66, adjusts periodically | 2/1/2013 | 1/1/2043 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree which was recorded, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all